UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ALAN BELL**  PLAINTIFF
ADC #158013

v.  CASE NO. 2:20-CV-00021-BSM

**JAMES DYCUS,** *et al.*  DEFENDANTS

## ORDER

Having reviewed the entire record *de novo*, Magistrate Judge Jerome T. Kearney's proposed findings and recommendations [Doc. No. 65] are adopted in part and rejected in part. Alan Bell may proceed to trial on his claims against Jeremy Andrews, in his individual capacity, for failure to protect. Defendants' motion for summary judgment [Doc. No. 51] is granted on all other claims. *See* Doc. No. 65 § A.1.

Bell is suing because he was stabbed by another inmate, Cleveland Wright, without provocation, soon-after Wright was moved from disciplinary confinement to general population. The remaining facts and legal standard are set out in the proposed findings and recommendations [Doc. No. 65].

The RD is rejected on Bell's claim against Andrews, and summary judgment is denied on that claim. Whether Andrews was deliberately indifferent to the need to protect Bell from Wright, and whether Wright posed a substantial risk of serious harm, is disputed and cannot be resolved without a trial on the merits. *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir. 1997). While the stabbing of Bell has been characterized as a "surprise attack," whether the prison officials should have been surprised by it is a matter of dispute. This is true because

Bell asserts that officers Andrews and James Dycus knew that Wright was dangerous because Wright was serving time in disciplinary confinement for stabbing another inmate. Despite this fact, Andrews moved Wright back to general population. Bell Dep. at 26, Doc. No. 51-5. Bell also contends that Wright threatened to kill two other inmates after being released from disciplinary confinement, but before stabbing him. *Id*. Bell also states that, after he was stabbed, Dycus told him that Wright should have never been released from disciplinary confinement, and would not have been released had Dycus been at work on the day he was released. *Id.* at 39.

Defendants dispute much of this. For example, they contend that Wright never threatened to kill other inmates once he was placed back into general population. Defs.' Br. Supp Mot. Summ J. at 6, Doc. No. 53. While defendants admit that Andrews reclassified Wright so he could be moved to general population, Andrews Decl. ¶ 6, Doc. No. 51-1, defendants state that Dycus played no role in Wright's transfer to general population. Indeed, Dycus states that he never told Bell that Wright should not have been moved to general population and he, in fact, states that he does not have authority to make classification decisions. Dycus Decl. ¶ 8, Doc. No. 51-3.

IT IS SO ORDERED this 17th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE